UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | CASE NO.  **1:12 CV 927** |
| BOCEPHUS MUSIC, INC.; | ) | |
| SONY/ATV SONGS LLC | ) | JUDGE  **J. BARRETT** |
| d/b/a SONY/ATV TREE PUBLISHING; | ) | |
| HOUSE OF CASH, INC.; | ) | |
| UNIVERSAL- SONGS OF POLYGRAM | ) | |
| INTERNATIONAL, INC.; | ) | |
| WARNER-TAMERLANE PUBLISHING | ) | |
| CORP.; | ) | |
| BIG BORASSA MUSIC LLC; | ) | |
| EMI BLACKWOOD MUSIC INC.; | ) | |
| AVERAGE JOES ENTERTAINMENT | ) | |
| GROUP INC. d/b/a AVERAGE ZJS | ) | |
| MUSIC PUBLISHING; | ) | |
| INDIANA ANGEL MUSIC; | ) | |
| LUCKY THUMB MUSIC; | ) | |
| NOAH'S LITTLE BOAT MUSIC; | ) | |
| SEA GAYLE MUSIC LLC d/b/a | ) | |
| NEW SONGS  OF SEA GAYLE; | ) | |
| ELDEROTTO MUSIC PUBLISHING; | ) | |
| BIG GASSED HITTIES; | ) | |
| 7 World Trade Center | ) | |
| 250 Greenwich Street | ) | |
| New York, New York 10007 | ) | COMPLAINT |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTY'S UNLIMITED, INC. | ) | |
| c/o David Westerbeck, Statutory Agent | ) | |
| 4210 Endeavor Drive, #106 | ) | |
| Cincinnati, Ohio 45252 | ) | |
| | ) | |
| DAVID A. WESTERBECK | ) | |
| c/o ELI'S SPORTS BAR & GRILL-ROSS | ) | |
| 3825 Kraus Lane, Unit A | ) | |
| Fairfield, Ohio 45014-5866 | ) | |
| | ) | |

FILED
JOHN P. HEHMAN
CLERK
2012 DEC -3 PM 4: 23

MIKE W. WESTERBECK    )
c/o ELI'S SPORTS BAR & GRILL-ROSS )
3825 Kraus Lane, Unit A    )
Fairfield, Ohio 45014-5866   )
             )
STEVEN R. WESTERBECK   )
c/o ELI'S SPORTS BAR & GRILL-ROSS )
3825 Kraus Lane, Unit A    )
Fairfield, Ohio 45014-5866   )
             )
    Defendants   )

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows on knowledge as to Plaintiffs, otherwise, on information and belief.

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire") including those that are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

2

5.     Plaintiff Bocephus Music is a corporation.  Plaintiff is the copyright owner of at least one of the songs in this matter.

6.     Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.     Plaintiff House of Cash, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.     Plaintiff Universal - Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.     Plaintiff Warner-Tamerlane Publishing Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.    Plaintiff Big Borassa Music LLC is a limited liability company.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.    Plaintiff EMI Blackwood Music Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.    Plaintiff Average Joes Entertainment Group Inc. is a corporation d/b/a Average Zjs Music Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.    Plaintiff Indiana Angel Music is a sole proprietorship owned by Brantley Keith Gilbert.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

14.    Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

15.     Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

16.     Plaintiff Sea Gayle Music LLC is a limited liability company d/b/a New Songs Of Sea Gayle.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

17.     Plaintiff Elderotto Music Publishing is a sole proprietorship owned by James Allen Otto.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

18.     Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

19.     Defendant Westy's Unlimited, Inc. is a corporation organized and existing under the laws of the State of Ohio that operates, maintains and controls an establishment known as Eli's Sports Bar & Grill-Ross located at 3825 Kraus Lane, Unit A, Fairfield, Ohio 45014-5866, in this district (the "Establishment").

20.     In connection with the operation of the Establishment, Defendant Westy's Unlimited, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

21.     Defendant Westy's Unlimited, Inc. has a direct financial interest in the Establishment.

22.     Defendant David A. Westerbeck is an officer of Defendant Westy's Unlimited, Inc., with responsibility for the operation and management of that corporation and the Establishment.

23.     Defendant David A. Westerbeck has the right and ability to supervise the activities of Defendant Westy's Unlimited, Inc. and at the Establishment and has a direct financial interest in that corporation and the Establishment.

24.     Defendant Mike W. Westerbeck is an officer of Defendant Westy's Unlimited, Inc., with responsibility for the operation and management of that corporation and the Establishment.

25.     Defendant Mike W. Westerbeck has the right and ability to supervise the activities of Defendant Westy's Unlimited, Inc. and at the Establishment and a direct financial interest in that corporation and the Establishment.

26.     Defendant Steven R. Westerbeck is an officer of Defendant Westy's Unlimited, Inc., with responsibility for the operation and management of that corporation and the Establishment.

27.     Defendant Steven R. Westerbeck has the right and ability to supervise the activities of Defendant Westy's Unlimited, Inc. and at the Establishment and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

28.     Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 27.

29.     Plaintiffs allege nine (9) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.   Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

30.     Attached hereto and incorporated herein as Exhibit A is a Schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by Defendants.   The Schedule contains information on the nine (9) claims of copyright infringement at issue in this action.   Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

31.     For each musical composition identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

32.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

33.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

34.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.    Thus, Defendants have committed copyright infringement.

35.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand that:

A.    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B.    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

C.    Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

      D.      That Plaintiffs have such other and further relief as is just and equitable.


             *s/ Christine E. Watchorn* _____
             Christine E. Watchorn (0075919)
             ULMER & BERNE LLP
             88 East Broad Street, Suite 1600
             Columbus, Ohio  43215-3581
             Tel (614) 229-0000
             Fax (614) 229-0001
             cwatchorn@ulmer.com

             Trial Attorney for Plaintiffs


             Ronald H. Isroff  (0021930)
             ULMER & BERNE LLP
             Skylight Office Tower
             1660 W. 2nd Street, Suite 1100
             Cleveland, Ohio 44113-1448
             Tel (216) 583-7000
             Fax (216) 583-7001
             risroff@ulmer.com

             One of the Attorneys for Plaintiffs

CLEV1997 2004415v1
17999.00010